MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This original proceeding seeking relief in the nature of prohibition was filed pursuant to Colo. Const. Art. VI, Sec. 3, and C.A.R. 21. The petitioners allege that the District Court of the Seventeenth Judicial District lacks jurisdiction to proceed under the Municipal Annexation Act of 1965 (1965 Perm. Supp., C.R.S. 1963, 139-21-15(l)(a)) [hereinafter referred to as the “Annexation Act,” and cited by section number].
In accordance with the Annexation Act, the City and County of Denver annexed two parcels of land located in Adams County which petitioners Green Valley Ranch Venture Co., Union Pacific Land Resources Corporation, and The Builders Group, Ltd. owned. Within forty-five days after the effective date of the annexing ordinance, the Board of County Commissioners of Adams County sought review of the Denver City Council’s actions by filing a complaint in Adams County District Court. § 15(2). Thereafter, petitioners instituted this original proceeding challenging the district court’s jurisdiction in Adams County on the basis that suit should have been filed in the Denver District Court. We issued a rule to show cause and now discharge the rule and remand to the Adams County District Court with directions.
Section 15(1 )(a) is not an example of clarity in legislative enactment. It provides that proceedings to review an act of annexation “shall be instituted in any district court having jurisdiction of the county in which the annexed territory is located.” The statute is replete with ambiguities and is difficult to understand. The section of the Annexation Act which is in issue is subject to conflicting interpretations. First, jurisdiction could lie in the county in which the land was located prior to annexation. Although decisions of this *176 court concerning different annexation statutes support such an interpretation, the language of our new Annexation Act does not. See People ex rel. City and County of Denver v. County Court, 137 Colo. 436, 326 P.2d 372 (1958). As a second alternative, the district court of the county which annexed the real property could have jurisdiction. A third and preferred interpretation is suggested by an examination of former decisions of this court, antecedent statutes and the internal structure of the Annexation Act. Review proceedings may be brought in either the district court of the county in which the land was situated prior to annexation or in the district court of the county in which the land is located after annexation. This is the only reasonable interpretation which gives independent effect to both subdivisions of § 15(l)(a) and carries out the intent of the legislature manifested in all articles of the Annexation Act.
A legal premise for our conclusion lies in the case law of Colorado. In People ex rel. City and County of Denver v. County Court, supra, we construed a predecessor annexation statute (C.R.S. 1953, 139-11-6), which referred jurisdiction for review to “the county court of the county in which his [petitioner’s] land is situated.” We interpreted that language to be consistent with C.S.A. 1935, ch. 163, § 293(4), which provided that a review petition shall be filed with “the county court of the county in which the whole or larger area of such territory proposed for annexation is located." People ex rel. City and County of Denver v. County Court, supra. The county in which the land was situated when the annexation proceeding was commenced was granted jurisdiction to review the annexation issue by the statute.
The analysis in People ex rel. City and County of Denver v. County Court, supra, was based on the principle that “[i]t is the wording of our statute and the legislative intent that govern.” That rule forces us to conclude that our present Annexation Act changes the prior law concerning jurisdiction. The problem arises because of the language “annexed territory” used in § § 15(l)(a) and (b). “Annexed territory” should be contrasted with the earlier language, *177 “territory proposed,” which suggested an examination of the location of property prior to annexation. The word “annexed,” on the other hand, reflects a different time frame or reference. As provided in § 12(1) of the Annexation Act, property is deemed annexed when the annexation ordinance becomes effective; that is, after completion of the annexation proceeding. Therefore, annexed territory, and hence jurisdiction, arguably lies in the annexing county.
This reading of § 15(l)(a) is supported by § 16(1) of the Annexation Act which indicates that “[a] fter the effective date of an annexation ordinance, the annexing municipality shall apply all pertinent ordinances to the annexed area, irrespective of any proceedings for judicial review.” Thus, the property is to be treated as part of the annexing city.
Section 15 must be construed as a whole, and thus, § 15(l)(a) must be read in conjunction with § 15(l)(b), which provides: “If the annexed territory is located within two or more counties, review proceedings may be brought in any district court having jurisdiction of any one of such counties . . . .” The section suggests that once property has been annexed by a county and review proceedings are instituted by another county, the location of the property is in dispute. Thus, it can properly be considered, for purposes of § 15(1 )(b), as being located in two counties. Consequently, “any district court having jurisdiction of the county in which the annexed territory is located,” (§ 15(l)(a)) would be either the county which lost or the county which added the land. The second sentence of § 15(1 )(b) supports this view:
“In all such certiorari proceedings . . . the district court shall be presided over by a judge to be appointed by the chief justice of the supreme court of the state of Colorado, which judge shall not be from the judicial district in which the area proposed to be annexed is located nor from a judicial district contiguous thereto.”
This statement reflects a legislative concern for the unfairness and inequity of placing a judge in the untenable position where he must rule against the county where he resides.
*178 Johnston v. City Council, 177 Colo. 223, 493 P.2d 651 (1972), is not inconsistent with this interpretation. There, we held that an outside judge need not be appointed when the property was located in the same county as the annexing municipality, Greenwood Village.
The rule is discharged. The Adams County District Court is directed to request that the Chief Justice appoint a district judge, pursuant to § 15(1 )(b), to resolve the issues in this certiorari proceeding.
MR. JUSTICE LEE and MR. JUSTICE GROVES concur in the result.